**ST. CROIX GAS COMPANY, INC., Plaintiff**

**v.**

**THE WEST INDIAN COMPANY, LTD. and JOHN DOE,
Defendants**

Civil No. 1974-853

District Court of the Virgin Islands

Div. of St. Croix

November 19, 1974

JEAN–ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

ROSSKOPF & DEMA, ESQS. (JOHN K. DEMA, of counsel), Christiansted, St. Croix, V.I., *for defendants*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

After an ex parte hearing on November 8, 1974, I issued to plaintiff a writ of replevin ordering defendant to release to plaintiff one thousand cylinders held by it at the Frederiksted wharf. Prior to the execution and enforcement of this writ, defendant moved to vacate the writ, recover its attorney's fees in opposing the writ, and grant defendant time within which to file an interpleader. A hearing on the motion was held November 13, 1974. For reasons stated below, I deny defendant's motion to vacate the writ and deny its request for "reasonable time to interplead".

Defendant made certain due process objections to the ex parte issuance of the writ of replevin. There is no substance to these objections since the ex parte hearing was before the Court. Mitchell v. W. T. Grant, 415 U.S. 944 (1974). In any event, the issue was rendered moot by the hearing held prior to the enforcement of the writ.

## I

This dispute arises out of the purchase of 1,000 gas cylinders by plaintiff from U.S. Cylinders, Inc., in Minnesota. Plaintiff paid approximately 60% of the purchase price to U.S. Cylinders prior to shipment, and the balance is to be paid in monthly installments. The details of

shipment are unclear, but the cylinders arrived at St. Croix under a negotiable order bill of lading designating Trans Ex Corporation as shipper and plaintiff as consignee. The bill of lading has not been delivered to plaintiff and defendant, which is bailee of the goods, refuses to deliver the goods on plaintiff's demand even though plaintiff has paid the inland freight charges and is prepared to pay the ocean freight and other fees upon delivery. Apparently the reason for defendant's refusal to deliver is the request from Trans Ex not to deliver the goods.

■ The Federal Bills of Lading Act, 49 U.S.C. § 81 et seq., governs the rights and duties of the parties under the bill of lading. Minnesota is the situs of the sales contract, therefore Minnesota law governs the interpretation of the contract, and Virgin Islands law governs the bailee/consignee relationship of defendant and plaintiff, insofar as not preempted by Federal law.

■ The bill of lading involved in this dispute is negotiable since the goods were consigned to the order of plaintiff. 49 U.S.C. § 83. Defendant has no duty to deliver the goods to plaintiff since plaintiff is not in possession of the bill. 49 U.S.C. § 88(b). If defendant were to deliver the goods to plaintiff, it would do so at its risk of liability if it develops that Trans Ex's claim over the goods is superior to that of plaintiff's, 49 U.S.C. § 89. After receiving Trans Ex's hold order or stoppage order, defendant, being understandably unwilling to risk liability to either party, refused to deliver the goods to plaintiff. In a case where there are adverse claims to possession of bailed goods, the carrier has a right to hold the goods for a reasonable time without liability in order to determine the validity of the adverse claim or to bring an interpleader. 49 U.S.C. §§ 97, 98.

The court may order the goods delivered upon sufficient proof that an order bill has been "lost, stolen or destroyed"

and upon the consignee giving a bond to protect the carrier against liability. 49 U.S.C. § 94. This section does not dictate the only situation in which the court may order goods delivered to a party where that party does not possess a negotiable bill of lading. Execution may be levied upon goods in the hands of a carrier which issued an order bill if the goods were delivered to the carrier by the owner or a person with the power to convey title to the goods and the bill is impounded. I am of the opinion that in order for Trans Ex's stop order to be valid Trans Ex must prove that it was in the position of being the owner of the goods or in some way was empowered to act for the owner (thus coming within the coverage of § 103). Failing to sustain such a position, it's action in consigning the goods to plaintiff under an order bill of lading and then issuing a stop order is highly questionable.

This dispute will require a much more complete hearing with supporting documentation before it can be determined who has a superior claim to these cylinders. Pending the outcome of this litigation, the usefulness of the cylinders is being wasted. Considering the invoice from U.S. Cylinders indicating sale of the cylinders to plaintiff and the check from plaintiff to U.S. Cylinders, plaintiff has made a strong showing that it is likely to prevail on the merits. Plaintiff has obtained two sureties who have undertaken and filed personal bonds for twice the value of the consigned goods ($9,500.00) pursuant to the Virgin Islands provision for replevin. 5 V.I.C. § 214. These bonds will serve to indemnify defendant if Trans Ex should prove to have a valid claim superior to plaintiff's title. I will also order the bill of lading to be impounded, pursuant to 49 U.S.C. § 103, pending the outcome of this suit.

These bonds will also serve as a substitute for the goods allowing defendant to bring an interpleader action pursuant to 49 U.S.C. § 97. Therefore, defendant will have

the time needed to compel all claimants to interplead and need not have an order granting it a "reasonable time to interplead".

### ORDER

For reasons stated in the foregoing Memorandum, it is hereby ORDERED:

1. That defendant's motion to vacate the Writ of Replevin be DENIED;

2. That defendant's motion to be allowed a reasonable time to interplead all adverse claimants in this action be DENIED and that the Writ of Replevin may be executed and enforced forthwith;

3. That Trans Ex Corporation deliver said bill of lading for 1,000 gas cylinders consigned to the order of St. Croix Gas Company to the Clerk of the District Court of the Virgin Islands where it will be impounded and held pursuant to 49 U.S.C. § 103; and

4. That the question of attorneys' fees will be reserved pending the final outcome of this case.